Matter of Santander Consumer USA, Inc. v All County Towing (2019 NY Slip Op 02591)





Matter of Santander Consumer USA, Inc. v All County Towing


2019 NY Slip Op 02591


Decided on April 4, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 4, 2019

526045

[*1]In the Matter of SANTANDER CONSUMER USA, INC., Respondent,
v
ALL COUNTY TOWING, Appellant, et al., Respondent.

Calendar Date: February 15, 2019

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Aarons, JJ.


Peter B. O'Connell, Albany, for appellant.
Law Offices of Rudolph J. Meola, Albany (Rudolph J. Meola of counsel), for Santander Consumer USA, Inc., respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from an order of the Supreme Court (McNally Jr., J.), entered November 8, 2017 in Albany County, which, among other things, partially granted petitioner's application, in a proceeding pursuant to Lien Law § 201-a, to declare a garagekeeper's lien null and void.
On August 18, 2016, respondent All County Towing (hereinafter respondent) towed and impounded a vehicle at the direction of a local police department. Petitioner is the holder of a lien on the vehicle and, upon learning of the situation on August 22, 2016, sought to redeem and recover it. Respondent advised that it would not release the vehicle until authorization was granted by the local police department and that, in the meantime, storage fees would continue to accumulate. Petitioner then commenced this special proceeding for an order declaring the garagekeeper's lien claimed by respondent to be null and void. Respondent answered and asserted, as an affirmative defense, that it had complied with the requirements of the Lien Law and was entitled to a lien of $4,057.14 in addition to whatever further fees were incurred for storing the still unredeemed vehicle. Supreme Court granted the petition in part and declared the lien void but for $400, the amount representing towing costs and storage fees through August 22, 2016. Respondent now appeals.
We affirm. Initially, although arguments may not be raised for the first time in a reply affirmation, the petition sufficiently alleged that petitioner had "demanded the release of [the] vehicle [and that respondent] refuse[d] to release" it (see CPLR 402, 3013; Matter of Nissan Motor Acceptance Corp. v All County Towing, 161 AD3d 1423, 1425 [2018]). As for the merits, respondent towed and stored a motor vehicle at the behest of law enforcement, has a lien upon the vehicle "for the sum due for [its] towing, storing . . . [or] keeping," and may decline to release the vehicle "until such sum is paid" (Lien Law § 184 [1]). Petitioner produced proof that it sought to redeem the vehicle on August 22, 2016 and that respondent refused to release the [*2]vehicle without authorization from law enforcement officials. Respondent had no authority to demand that authorization, as "the statutory scheme, which must be strictly construed, does not contain a provision allowing respondent to condition a vehicle's release upon" that ground (Matter of HVT, Inc. v All County Towing & Recovery, 166 AD3d 1441, 1442 [2018] [internal citations omitted]; see Matter of Ally Fin., Inc. v All County Towing & Recovery, 166 AD3d 1442, 1444 [2018]). Thus, Supreme Court properly declared the asserted lien valid only to the extent that it encompassed fees incurred through respondent's improper demand of August 22, 2016.
Egan Jr., J.P., Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the order is affirmed, with costs.