Matter of Trust v All County Towing & Recovery (2019 NY Slip Op 02771)





Matter of Trust v All County Towing & Recovery


2019 NY Slip Op 02771


Decided on April 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 11, 2019

527301

[*1]In the Matter of VAUL TRUST et al., Respondents,
v
ALL COUNTY TOWING AND RECOVERY, Appellant, et al., Respondent.

Calendar Date: February 15, 2019

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Aarons, JJ.


Peter B. O'Connell, Albany, for appellant.
Law Offices of Rudolph J. Meola, Albany (Rudolph J. Meola of counsel), for Vaul Trust and another, respondents.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeal from an order and judgment of the Supreme Court (O'Connor, J.), entered November 8, 2017 in Albany County, which, among other things, partially granted petitioners' application, in a proceeding pursuant to Lien Law § 201-a, to declare a garagekeeper's lien null and void.
On October 11, 2016, respondent All County Towing and Recovery (hereinafter respondent) towed a 2013 Cadillac ATS to its facility at the direction of the Village of Freeport Police Department (hereinafter VFPD). On October 18, 2016, respondent mailed a notice to the registered owner of the vehicle and petitioners, as lienholders, advising that the vehicle had been impounded and was in its possession, that a lien was being asserted pursuant to Lien Law § 184, that storage fees were accruing in the amount of $50 per day and that the vehicle would be released "upon full payment of all charges accrued" as of the date of release. Petitioners thereafter sought to recover the vehicle; however, respondent refused to surrender it unless petitioners obtained a release authorization from the VFPD and executed a hold-harmless agreement in its favor.[FN1]
Petitioners then commenced this special proceeding seeking to, among other things, declare respondent's garagekeeper's lien null and void. Respondent answered and asserted, as an [*2]affirmative defense, that it had fully complied with the requirements set forth in the Lien Law and that it was entitled to a lien in the amount of $8,052.02, inclusive of towing charges, storage and administrative fees and taxes. Supreme Court, as relevant here, partially granted the petition to the extent that it declared respondent's lien for storage, administrative and auction fees to be invalid as of October 24, 2016 — the date respondent refused to release the vehicle — and denied the petition to the extent that it declared respondent had a valid lien for towing and storage fees from October 11, 2016 through October 24, 2016 in the amount of $525, plus applicable taxes. Respondent now appeals.
Initially, to the extent that petitioners submitted proof demonstrating that respondent's daily storage fee is approximately double the storage rate of other municipalities throughout the state, and given respondent's failure to meet its burden by offering sufficiently reliable proof to substantiate its $50 daily storage fee, we discern no reason to disturb Supreme Court's decision to reduce the daily storage fee to the rate of $25 per day (see Lien Law § 184 [2]; Matter of Ally Fin., Inc. v All County Towing & Recovery, 166 AD3d 1442, 1444 [2018]). As for respondent's remaining contentions, for the reasons stated in Matter of Santander Consumer USA, Inc. v All County Towing (___ AD3d ___, 2019 NY Slip Op 02591 [2019]), we affirm and find that Supreme Court appropriately determined that respondent's asserted lien was valid only through October 24, 2016, the date of its improper demand.
Clark, Mulvey, Devine and Aarons, JJ., concur.
ORDERED that the order and judgment is affirmed, with costs.



Footnotes

Footnote 1: In January 2017, respondent retained JIJ Auctions to initiate foreclosure proceedings and conduct a lien sale of the subject vehicle. Ultimately, petitioners advised JIJ Auctions that they intended to challenge the validity of the lien and sale, whereupon JIJ Auctions agreed to discontinue the sale. Upon the posting of a $10,000 bond, respondent released the vehicle to petitioners in March 2017.